UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **ERSHEL AUTRY KING,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | **CASE NO. CV 05-B-0180-NE** |
| } | |
| **EXPRESS BRAKE** } | |
| **INTERNATIONAL, INC.;** } | |
| **WALTER E. KRUMM, SR.,** } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

Before the court are: (1) defendant Express Brake's Motion for Judgment on the Pleadings, (doc. 10),[1] (2) defendant Walter Krumm's Motion for Judgment on the Pleadings as to Counts II and III, (doc. 11), and (3) Plaintiff's Motion to Amend/Correct Complaint (doc. 13).

### I.  ALLEGATIONS OF THE COMPLAINT

On August 13, 1993, plaintiff applied for a patent for his "Quick Change Brake Shoe with Removable Brake Shoe Pads." (Compl., ¶ 2.) He became the majority shareholder in PDK Brake, Inc. on September 1, 1993. (*Id.*, ¶ 3.) In his capacity as an officer of PDK Brake, plaintiff contracted with defendant Walter Krumm to assist him in developing a marketable brake shoe in return for 10% interest in PDK Brake. (*Id.*, ¶ 4.) During 1993 and 1994, plaintiff and Krumm designed a new brake shoe system to be sold by PDK Brake ("PDK Brake Shoe"). (*Id.*, ¶ 5.) Prototypes of the PDK Brake Shoe developed by plaintiff and Krumm responded very well to testing performed in January, 1994. (Compl., ¶¶ 5, 6.)

---

[1] Doc. refers to the document number on the court's official docket sheet.

On August 27, 1994, plaintiff and Krumm both attended the Board of Directors meeting for PDK Brake in Cullman, Alabama. (Compl., ¶ 9.) At this meeting, Krumm told plaintiff and other officers of PDK Brake that he had given samples of the PDK Brake Shoe to several companies for further testing. (*Id*., ¶ 10.) Krumm also told plaintiff and the other officers "that he filed an application for a patent . . . with [Krumm's] name as the only inventor." (*Id*., ¶ 12.) Krumm asked plaintiff to sign an affidavit stating that "Krumm was the sole inventor of the PDK Brake Shoe." (*Id*., ¶ 13.) Plaintiff refused to sign the affidavit. (Compl., ¶13.) At the meeting plaintiff demanded that Krumm name him as co-inventor of the PDK Brake Shoe and assign rights to the invention to PDK Brake. (*Id*. ¶ 12.) Krumm never added King as co-inventor of the PDK Brake Shoe or assigned the rights of the invention named in the patent application to PDK Brake. (*Id*.)

Plaintiff alleges that Krumm concealed his intentions to develop his own company to develop the PDK Brake Shoe, to not assign the rights of the invention to PDK, and to not add King as co-inventor of the brake shoe. (Compl., ¶ 14.) According to plaintiff, because of Krumm's actions at the board meeting, King "was induced to sell his shares in PDK Brake," which sale was completed "on or about" January 15, 1995. (*Id*., ¶¶ 15, 16.)

Thereafter, on July 4, 1995, plaintiff was awarded U.S. Patent No. 5,429,215 entitled "Quick Change Brake Shoe with Removable Brake Shoe Pads," which he assigned to PDK Brake. (Compl., ¶ 2.) PDK Brake was later dissolved, according to plaintiff, as a result of PDK Brake's poor financial condition. (*Id*., ¶ 16.) Plaintiff assumed that Krumm would not further pursue the marketing and development of the PDK Brake Shoe and that he would abandon the patent application he filed. (Compl., ¶ 17.)

Krumm started his own company, Express Brake International, Inc., to distribute a brake shoe which plaintiff alleges is the same as the PDK Brake Shoe developed by plaintiff and Krumm. (Compl., ¶ 27.) According to the Complaint, Krumm obtained two patents: the first on November 28, 1995, for an "Accurate Brake System with Fastner-Free Replaceable Brake Lining," and another on August 24, 1999, with the same name. (Compl., ¶¶ 20-22.)

Plaintiff claims that the PDK Brake Shoe, patented by Krumm and distributed by Express Brake International, was a trade secret owned by PDK Brake, Inc. and that it was misappropriated by Krumm. In addition, plaintiff alleges that Krumm made misrepresentations of material fact and that he suppressed and concealed material facts from plaintiff and PDK Brake concerning the PDK Brake Shoe. (Compl., ¶¶ 28-32.) Plaintiff also asserts a claim against Krumm for intentional interference with business relations between plaintiff, PDK Brake, and Krumm by wrongfully causing the dissolution of PDK Brake so that he could sell the PDK Brake Shoe through a different company, Express Brake International. (Compl., ¶¶ 33-35.)

## II.   DEFENDANT EXPRESS BRAKE'S MOTION FOR JUDGMENT ON THE PLEADINGS

Express Brake contends that it is entitled to judgement on the pleadings because "none of the three counts of plaintiff's complaint allege claims against Express." (Def. Express Brake's Motion for Judgment, at 2.) Express Brake argues that the Complaint fails to allege: (1) that Express Brake defrauded plaintiff in any manner, (2) that Express Brake misappropriated any trade secret, or (3) that Express Brake interfered with any business relations. (See generally, Def. Express Brake's Motion.) None of the allegations in the Complaint name Express Brake as the wrongful actor; instead, all allegations are directed at defendant Krumm.

Plaintiff responds that:

> [T]he Complaint states facts supporting a conclusion that Defendant Walter Krumm, Sr. has a very close relationship with Defendant Express Brake such that it is virtually impossible to distinguish between the acts of Defendant Krumm and the acts of Defendant Express Brake in determining the acts that provide the basis for King's claims. Furthermore, the initial disclosures of Defendant Express Brake show that Defendant Express Brake might have been operating with knowledge that the rights to the PDK Brake Shoe were fraudulently obtained from King. In short, Defendant Express Brake was acting with knowledge of the acts of Defendant Walter Krumm, Sr. concerning the PDK Brake Shoe.

(Pl.'s Response to Express Brake's Motion for Judgment, Doc. 14 at 3.) Plaintiff points out that the Complaint alleges that Krumm defrauded plaintiff *through* his company, Express Brake, (Compl., ¶ 28), that Krumm misappropriated the trade secreted PDK Brake Shoe by "disclosing and using the trade secret *with* [his] business, [Express Brake]." (*Id.*, ¶ 38.) Plaintiff argues that, by taking the facts alleged in the Complaint as true and viewing them in the light most favorable to plaintiff, the Complaint alleges claims against Express Brake for: (1) fraud, (2) misappropriation of a trade secret, and (3) intentional interference with business relations. (Pl.'s Response to Express Brake's Motion for Judgment, Doc. 14 at 3-5.)

In the alternative, should the court determine that the Complaint does not state a claim against Express Brake, plaintiff requests leave to amend his Complaint to properly state a claim against Express Brake. (Pl.'s Response to Express Brake's Motion for Judgement, Doc. 14 at 5; *See generally,* Pl.'s Motion to Amend/Correct.) Plaintiff argues that he should be given leave to correct any pleading defect before his claims against Express Brake are dismissed. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (plaintiff must be given one opportunity to amend complaint to cure "mere pleading defect" unless amendment would be futile).

The court agrees with Express Brake that because the Complaint fails to state a claim against Express Brake, it is entitled to judgment on the pleadings. For reasons which will be discussed hereafter, the court is of the opinion that plaintiff's Motion for Leave to Amend is due to be denied.

### III.   DEFENDANT WALTER KRUMM'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS II AND III

#### A.   Count II: Misappropriation of Trade Secrets.

Defendant Krumm contends that plaintiff's claim against him for misappropriation of trade secrets is due to be dismissed because: (1) the brake shoe is not and never has been a trade secret as defined under Alabama law, and (2) it is barred by the applicable statute of limitations. Defendant Krumm argues that plaintiff cannot state a claim for misappropriation of a trade secret because the brake shoe system at issue is not and never was a trade secret.

On July 4, 1995, plaintiff received a patent for a "Quick Change Brake Shoe with Removable Brake Shoe Pads" which he assigned to PDK Brake, Inc. (Compl., ¶ 2.) Subsequently, in his capacity as an officer of PDK, plaintiff contracted with Krumm to help plaintiff develop a new brake shoe system for PDK. (*Id*., ¶ 4.) In return for his contribution to the development of the new product, Krumm received a 10% interest in PDK. (*Id*.) Plaintiff claims that the new brake shoe system developed by plaintiff and Krumm during 1993 and 1994, and subsequently patented by Krumm, was a trade secret. (*Id*., ¶ 5.)

Whether or not information constitutes a trade secret is a question of fact under Alabama law. *See, e.g. Soap Co. v. Ecolab, Inc.*, 646 So.2d 1366, 1372 (Ala.1994). Under the Alabama Trade Secrets Act, a trade secret is information which "is not publicly known and is not generally known in the trade or business of the person asserting that it is a trade secret,"

5

"cannot be readily ascertained or derived from publicly available information," and "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Code of Alabama, § 8-27-2(c)-(e).  Defendant argues that the brake shoe design is not a trade secret because: (1) it is patented, public information, and (2) there were no efforts to maintain secrecy of the design.

It is generally accepted that a design or process, once patented, no longer qualifies for trade secret protection.  The Court of Appeals for the Sixth Circuit has stated that:

> The property right in a trade secret ceases to exist after the secret has become public property through general disclosure.  If a trade secret is patented there is no further right to secrecy.  The patent is a legal disclosure with the right to a limited, temporary monopoly granted as the reward for disclosure.

*Scharmer v. Carrollton Manufacturing Company*, 525 F.2d 95, 99 (6th Cir. 1975) (citations omitted).  In the Complaint plaintiff alleges that "the PDK Brake Shoe was not publicly known or generally known in the truck brake shoe industry", (Compl., ¶ 36), but even taken as true, this allegation only addresses one of the elements of a trade secret under § 8-27-2. Plaintiff alleges that Krumm has received two patents for the PDK Brake Shoe design, one in 1995 and another in 1999.  (*Id*., ¶¶ 20-21.)  Assuming that the PDK Brake Shoe was a trade secret at one time, the patents destroy its trade secret status by destroying confidentiality.  Once the patents were issued, the design could be readily ascertained

6

through publicly available information and was no longer confidential; thus, the design is not a trade secret.

In addition, defendant argues that plaintiff has failed to show that reasonable efforts were undertaken to maintain the secrecy of the PDK Brake Shoe. The Complaint alleges that prototypes of the PDK Brake Shoe were developed and tested by Link Laboratories, Inc. on January 12, 1994. (Compl., ¶ 6.) In addition, a promotional brochure about the PDK Brake Shoe was subsequently developed, and sample brake shoes were given to several trucking companies for additional testing. (*Id*., ¶¶ 7, 10.) Plaintiff alleges that the distribution of the brake shoes to trucking companies for testing was without his knowledge or consent, but his apparent concern was liability, not secrecy. (*Id*., ¶¶ 10-11.) The Complaint contains no specific allegations that plaintiff or anyone else at PDK attempted to keep the design for the PDK Brake Shoe secret. Because plaintiff's allegations do not meet the elements of a trade secret, Count II is due to be dismissed.

Assuming arguendo that the brake shoe qualifies as a trade secret, plaintiff's claim is nevertheless barred by the statute of limitations. Alabama Code § 8-27-5 states, "[a]n action for misappropriation must be brought within two years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Plaintiff's Complaint alleges that, during a meeting of the board of directors of PDK Brake, Inc., on August 27, 1994, "Krumm told plaintiff and the other officers of PDK Brake, Inc. that he filed for an application for a patent on the PDK Brake Shoe with his name as the only

7

inventor." (Compl., ¶ 12.) Furthermore, according to plaintiff, at the same meeting, Krumm requested that plaintiff "sign an affidavit stating that Defendant Walter Krumm was sole inventor of the PDK Brake Shoe. . ." (*Id*., ¶ 13.) Plaintiff states in his Complaint that he "*assumed* defendant Walter Krumm did not further pursue the PDK Brake Shoe, abandoned the patent application he filed, and made no efforts to sell the PDK Brake Shoe." (*Id*. at ¶ 17.)  However, in light of Krumm's statements at the August 1994 meeting, plaintiff's assumption that he would not pursue the PDK Brake Shoe after the dissolution of PDK Brake, Inc. was not reasonable as a matter of law.  Plaintiff learned of Krumm's patent application in August 1994 so, at the very least, in the exercise of reasonable diligence to protect his design, he should have discovered the patents issued to Krumm on November 8, 1995, and August 24, 1999, both matters of public information.  (*Id*. at ¶¶ 20-21.)

Plaintiff knew or should have known of the alleged misappropriation as of the meeting on August 27, 1994, or at least as of November 28, 1995, when Krumm's first patent was issued.  However, he did not institute this action until December 22, 2004, more than ten years after the issuance of Krumm's first patent and more than five years after Krumm received his second patent.  Therefore, plaintiff's claim for misappropriation of trade secrets is barred by the two-year statute of limitations and is due to be dismissed.

  **B.**  **Count III: Intentional Interference with Business Relations.**

Krumm argues that Count III is due to be dismissed on two separate grounds: (1) the claim is barred by the applicable statute of limitations, (2) Krumm was not a stranger to the business relations with which he allegedly interfered.

Krumm contends that the applicable statute of limitations has run on plaintiff's intentional interference with business relations claim. The alleged interference occurred "in or around" August 1994, when Krumm attended a meeting of the PDK Brake, Inc. Board of Directors. (Compl., ¶¶ 9, 15-16.) The statute of limitations for the tort of intentional interference with business or contractual relations is two years. Ala. Code § 6-2-38. *See also Teng v. Saha*, 477 So.2d 378, 378-79 (Ala. 1985). In Alabama, there is no "discovery rule" for intentional interference claims. Code of Alabama, § 6-2-3; *See Sanders v. Peoples Bank and Trust Co.*, 817 So.2d 683, 686 (Ala. 2001) (noting that the discovery rule applies only to fraud actions). Plaintiff waited more than ten years from the date of the alleged interference to file this lawsuit; therefore, any claim for intentional interference with business or contractual relations is time-barred. (Plaintiff's Response, at 4.)

9

In addition, a party to a business relationship cannot be liable for interference with that business relationship:

> Clearly, a party to a contract or a business relationship cannot be liable for tortious interference with that contract or business relationship. *Parsons [v. Aaron*, 849 So.2d 932, 937 (Ala. 2002)] makes it clear that a plaintiff asserting a tortious-interference claim bears the burden of proving that the defendant is a "third party" or "stranger" to the contract or business relationship with which the defendant allegedly interfered. A defendant is a party in interest to a relationship if the defendant has any beneficial or economic interest in, or control over, that relationship.

*Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So.2d 1142, 1154 (Ala. 2003) (citations omitted). Plaintiff bears the burden of proving that "the defendant is a 'third party' or 'stranger' to the contract or business relationship with which the defendant allegedly interfered." *Id*. at 1154. Plaintiff alleges that Krumm interfered with a business relationship between plaintiff, PDK Brake, and Krumm. (Compl., ¶ 35.) Because Krumm was involved in the very business relationship with which he allegedly interfered, plaintiff cannot state a claim for intentional interference against him. Krumm is therefore entitled to judgement on the pleadings as to plaintiff's intentional interference claim.

**IV.  PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT**

Plaintiff requests leave to amend his Complaint: (1) to add Alice Evans as a non-diverse defendant, and (2) to properly state a claim against Express Brake in response to Express Brake's Motion for Judgment on the pleadings. Federal Rules of Civil Procedure, Rule 15(a) dictates that leave to amend "should be freely given with justice so requires."

**A.     Amending to add a Non-Diverse Party**

Plaintiff seeks to join Alice Evans to this action as a non-diverse defendant. Defendants argue that plaintiff's Motion should be denied because it is not based on newly acquired information and because plaintiff seeks to join Evans, a non-diverse party, for the purpose of defeating federal jurisdiction. (Express Brake's Opposition, at 3; Krumm's Opposition, at 2-3.) Plaintiff concedes that his Motion to Amend is not based on recently discovered facts. However, plaintiff claims that he should be given leave to add Evans because she "is not an entirely new party to this action." (Pl.'s Motion to Amend, Doc 13 at 3.) King argues that Evans was included in the original complaint under defendant PDK, as a member of its Board of Directors, and therefore there was no need to name her individually until PDK was dismissed as a defendant. (*Id*., at 4.) Plaintiff argues that Alice Evans is an indispensable party to this action and that her joinder is necessary to afford him complete relief. (Pl.'s Motion to Amend, Doc. 13 at 1.)

When a plaintiff seeks to amend the complaint to add a non-diverse party, under 28 U.S.C. § 1447(e), the court has discretion to deny the amendment and retain jurisdiction, or grant the amendment and remand the case to state court. *See Ingram v. CSX*, 146 F.3d 858, 862 (11th Cir. 1998). In determining whether to allow amendment to join a non-diverse party, the court will consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Smith v. White*

*Consol. Industries, Inc.*, 229 F.Supp.2d 1275, 1279 (N.D. Ala. 2002) (citing *Hensgens v. Deere and Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987)).

  **1. Intent to Defeat Federal Jurisdiction.**

  On September 6, 2005, the court denied plaintiff's motion to remand and dismissed defendant PDK Brake, Inc., finding that PDK was fraudulently joined. (Doc. 24.) When PDK was terminated as a defendant, on April 6, 2005, complete diversity existed in this action. Just over one month later, plaintiff moved to join Evans a non-diverse defendant. (Pl.'s Motion to Amend, Doc. 13.)

  "A plaintiff who attempts to add a non-diverse defendant only after the case was removed, even though the plaintiff knew or should have ascertained the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." *Smith v. White Consol. Indus. Inc.*, 229 F. Supp.2d 1275, 1280 (N.D. Ala. 2002).

  Plaintiff did not require discovery to confirm Evans's identity or to learn of the facts serving as the basis for his claims against her. Plaintiff had sufficient information to assert these claims against Evans when he filed his original complaint in December of 2004, strongly indicating that plaintiff's amendment is intended to defeat diversity jurisdiction.

  **2. Delay in Seeking Amendment**

  Defendant argues that if Evans is an indispensable party and the claims against her are strong, as plaintiff claims, plaintiff should have named her as a defendant in his original

Complaint.  (Express Brake's Opposition, Doc. 18 at 4.)  Plaintiff contends that there was no need to add Evans as a defendant until his claims against PDK were dismissed on April 6, 2005, and that he timely filed his Motion to Amend on May 19, 2005, just over a month later.  (Pl.'s Motion to Amend Complaint, Doc. 13 at 5.)

As previously noted, plaintiff had sufficient information to assert the proposed claims against Ms. Evans at the time he filed his original complaint in December of 2004.  Moreover, the alleged transactions between plaintiff and Evans occurred in 1994, more than 10 years before the instigation of this action.  Defendant did not seek to add Evans until May 2005, five months after he filed his Complaint, and four months after removal.  Therefore, the court finds that plaintiff was dilatory in seeking amendment to join Alice Evans as an additional defendant in this action.

### 3. Prejudice to Plaintiff

Plaintiff argues that he will be prejudiced if he is not given leave to add Evans because he "cannot be afforded significant and complete relief from the current defendants because at least $100,000 of the $1.5 million agreed to be paid to King was to be personally provided by defendant Alice Evans."  (Pl.'s Motion to Amend, Doc. 13 at 5.)  Plaintiff also contends that if Evans is not joined the other defendants will be able to use her acts to shield themselves from liability, thus weakening plaintiff's claims against them.  (*Id.* at 6.)

Should the court permit the amendment, Ms. Evans would be required to defend against claims which arose over 10 years ago.  The court is of the opinion that the prejudice

13

to plaintiff resulting from the denial of his Motion to add Ms. Evans as a defendant is far outweighed by the other factors which all weigh against allowing the addition of a non-diverse defendant at this time.

### 4.   Other Equitable Concerns

Plaintiff contends that Evans should be joined in this action so as to avoid parallel state/federal proceedings and the resulting potential for inconsistent results, and waste of judicial resources. (Pl.'s Motion to Amend, Doc. 13 at 6.) Given the fact that any state law claim against Ms. Evans is likely time-barred, the court does not feel this factor weighs in favor of allowing plaintiff's proposed amendment.

### B.   Amending to State a Claim Against Express Brake.

Plaintiff claims that he should be afforded an opportunity to amend his complaint because his failure to properly state a claim against Express Brake is a "mere pleading defect." (Pl's Motion to Amend, Doc. 13 at 7.) Express Brake contends that the deficiency is incurable because plaintiff "cannot state a viable cause of action against Express Brake" as "it was not involved in the alleged incidents made the basis of plaintiff's Complaint." (*Id.*) The court agrees that the proposed amendment would be futile; therefore it will be denied. (*Id.*)

### 1.   Fraud and Misrepresentation

Plaintiff contends that his claims against Express Brake "have merit because Express Brake has defrauded and continues to defraud King by marketing and selling the PDK Brake

Shoe that King invented." (Pl.'s Motion to Amend, Doc. 13 at 8.) According to plaintiff, "Express Brake knew or should have known that marketing and selling the PDK Brake Shoe constitutes a fraud." *Id*. Express points out that leave to amend need not be granted where amendment would be futile. The proposed amended complaint fails to state a claim against Express Brake; therefore, the proposed amendment would be futile and is due to be denied as to this claim.

### 2. Misappropriation of a Trade Secret

Express Brake argues that PDK Brake Shoe does not meet the requirements for a trade secret under Alabama law, and further that plaintiff's claims for misappropriation of a trade secret are barred by the applicable statute of limitations. Because plaintiff will not be able to state a claim against any defendant for misappropriation of a trade secrets, leave to amend to state a claim against Express Brake for misappropriation of a trade secret would be futile.

### 3. Intentional Interference with Business Relations

The proposed Amended Complaint alleges that plaintiff "was engaged in business relations with Defendants Walter Krumm and Alice Evans in that. . . Plaintiff, Defendant Walter Krumm and Defendant Alice Evans were attempting to market a quick-change truck brake shoe for PDK Brake, Inc." (Amended Compl., ¶ 52.) In his Amended Complaint, plaintiff alleges that:

> [d]efendants intentionally interfered with the business relationship plaintiff had with PDK Brake, Inc. by using wrongful means to cause PDK Brake, Inc. to dissolve and to take, [and] use the design of the PDK Brake

15

> Shoe and to attempt to sell the PDK Brake Shoe without the knowledge and consent of either plaintiff or PDK Brake, Inc.

(*Id.*, at ¶ 54.)  The alleged interference by Express Brake, use of the design and attempt to sell the PDK Brake Shoe, occurred on or before November 28, 1995, when Krumm, founder and CEO of Express Brake, obtained a patent for the PDK Brake Shoe. (Compl., ¶ 21.) The statute of limitations for the tort of intentional interference with business or contractual relations is two years.  Ala. Code § 6-2-38.  *See also Teng v. Saha*, 477 So.2d 378, 378-79 (Ala. 1985).  In Alabama, there is no "discovery rule" for intentional interference claims. Code of Alabama, § 6-2-3; *See Sanders v. Peoples Bank and Trust Co.*, 817 So.2d 683, 686 (Ala. 2001) (noting that the discovery rule applies only to fraud actions). Even assuming that the alleged interference did not begin until Krumm obtained a second patent on August 24, 1999, plaintiff's claim against Express Brake for intentional interference with business or contractual relations is time-barred.  (Compl., ¶ 20.)

The court finds that the *Smith* factors weigh against allowing amendment to add a non-diverse defendant.  Plaintiff's proposed Amended Complaint fails to state a claim against Express Brake.  Therefore, amendment would be futile.  Accordingly, plaintiff's Motion to Amend/Correct the Complaint, (doc. 13), is due to be denied.

V.     CONCLUSION

An Order will be entered in accordance with this Opinion.

**DONE** this the 24th day of February, 2006.

 

 

_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE