FILED
2006 Feb-27  AM 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **ERSHEL AUTRY KING,** } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | CASE NO. CV 05-B-0180-NE |
| } | |
| **EXPRESS BRAKE** } | |
| **INTERNATIONAL, INC.;** } | |
| **WALTER E. KRUMM, SR.; and** } | |
| **PDK BRAKE, INC.,** } | |
| } | |
| Defendants. } | |

## **MEMORANDUM OPINION**

Currently before the court is defendant Walter Krumm's Motion for Judgment on the Pleadings as to Count I. (Doc. 28.) Upon consideration of the record, the submission of the parties, and the relevant law, the court is of the opinion that defendant Krumm's Motion for Judgment on the Pleadings is due to be granted, and Count I is due to be dismissed.

**I.    PROCEDURAL HISTORY.**

This action was instituted on December 22, 2004, and removed to this court on January 27, 2005. (Doc. 1.) The court held oral argument on pending motions in this case on October 25, 2005. At that time, the court announced that all claims against defendant Express Brake International, Inc. would be dismissed. The court also informed the parties that plaintiff's claims against the remaining defendant, Walter Krumm, for misappropriation of a trade secret and intentional interference with business relations, Counts II and III of the Complaint, were due to be dismissed. Following the dismissal of Express Brake as a defendant and of Counts II and II against defendant Krumm, plaintiff's fraud claim against defendant Krumm, Count I of the

Complaint, was the sole remaining claim. Defendant Krumm now moves the court for judgment on the pleadings as to Count I.

**II.    DISCUSSION.**

Defendant Krumm argues that plaintiff's own factual allegations as set forth in the Complaint clearly show that the statute of limitations for plaintiff's fraud claim has long since expired. Under Alabama law, the statute of limitations for fraud claims is two years. Ala. Code 1975 § 5-2-38(*l*). The time begins to run when the alleged fraud is discovered or should have been discovered by the defrauded party. Ala. Code 1975 § 6-2-3; *Kelly v. Connecticut Mutual Life Ins. Co.*, 628 So.2d 454 (Ala. 1993). Krumm contends that plaintiff acquired information which should have led to the discovery of the alleged fraud at the PDK Brake board meeting in August 1994. During the course of that meeting, plaintiff was made aware of facts which defendant contends would "put a reasonable mind on notice that facts to support a claim of fraud might be discovered upon inquiry." *Davant v. United Land Corp.*, 896 So.2d 475, 490-91 (Ala. 2004). Plaintiff alleges that, during that meeting, "Krumm told plaintiff and the other officers of PDK Brake, Inc. that he filed for an application for a patent on the PDK Brake Shoe with his name as the only inventor." (Compl., ¶ 12.) The Complaint further states that "[a]t this meeting, Defendant Walter Krumm requested Plaintiff to sign an affidavit stating that Defendant Walter Krumm was sole inventor of the PDK Brake Shoe..." (Compl., ¶ 13.)

Although the question of when a plaintiff should have discovered the fraud is normally for the jury, it is taken away from the jury and decided as a matter of law in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of the fraud. *Barlow v. Liberty National Life Ins. Co.*, 708 So.2d 168, 173-74 (Ala. Civ. App. 1997).

Based on the allegations in the Complaint, the court finds that, as of the time of the PDK board meeting in August 1994, plaintiff actually knew of facts which would have put a reasonable person on notice of the fraud alleged in his Complaint. Therefore, the two-year statute of limitations began to run at that time.

Plaintiff contends that, even if the statute of limitations began to run in August 1994, his fraud claim is not time-barred because the statute of limitations was tolled. "[T]he statute of limitations is tolled as to a fraud claim, if after discovery and inquiry, the plaintiff is misinformed or falsely informed by the defendant and the plaintiff justifiably relies on the defendant's misrepresentations." *Barlow v. Liberty National Life Ins. Co.*, 708 So.2d 168, 173-74 (Ala. Civ. App. 1997). Plaintiff argues that the statute of limitations was tolled in this case "because King was misinformed by Defendant Krumm and King reasonably relied on Defendant Krumm's misrepresentation." (Pl.'s Response, Doc. 29, at 4.) Specifically, plaintiff claims that during the August 1994 board meeting, "Defendant Krumm misinformed King when Defendant Krumm stated that he had an application for 'a patent on our shoe and I still said ours.'" (Pl.'s Response, Doc. 29, at 4; Compl., ¶ 12.) Plaintiff argues that he reasonably relied on the same statement in selling his interest in PDK Brake, Inc. (Pl.'s Response, Doc. 29, at 4; Compl., ¶ 15.) Plaintiff contends that he reasonably relied on Krumm's statement because he "assumed defendant Walter Krumm did not further pursue the PDK Brake Shoe, abandoned the patent application he filed, and made no efforts to sell the PDK Brake Shoe." (Pl.'s Response, Doc. 29, at 4; Compl., ¶ 17.) Plaintiff contends therefore, that the statute of limitations was tolled until he actually discovered the alleged fraud in approximately July, 2004. (Pl.'s Response, Doc. 29, at 4-5; Compl., ¶¶ 26-7.)

3

The court finds plaintiff's argument that the statute of limitations was tolled is without merit. Plaintiff's contention that Krumm "misinformed" King is inconsistent with the allegations in the Complaint. Krumm told King "that he filed for an application for a patent on the PDK Brake Shoe with his name as the only inventor," then "requested Plaintiff to sign an affidavit stating that Defendant Walter Krumm was the sole inventor of the PDK Brake Shoe. . ." (Compl., ¶¶ 12-13.) Any reliance by plaintiff on the statement that Krumm had an application on a patent "for our shoes and I still said ours" was unjustified. Therefore the statute of limitations was not tolled. Accordingly, the two-year statute of limitations has run and plaintiff's fraud claim against defendant Krumm is time-barred and Count I of the Complaint is due to be dismissed.

### III. CONCLUSION.

Based on the foregoing, the Court finds that defendant's Motion for Judgment on the Pleadings is due to be granted and Count I of the Complaint is due to be dismissed. An Order dismissing Count I will be entered contemporaneously with this Opinion.

**DONE** this the 24th day of February, 2006.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE